UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LEE JORDAN, ) | CASE NO. 1:13 CV 164 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA CO. SHERIFF'S JAIL DEPT.) | AND ORDER |
| MEDICAL DIVISION, et al., ) | |
| ) | |
| Defendants. ) | |

On January 23, 2013, Plaintiff *pro se* Lee Jordan, an inmate at the Cuyahoga County Jail, filed the above captioned action under 42 U.S.C. § 1983 against the jail's medical department and an unnamed jail nurse. Plaintiff alleges he was supposed to receive a sleep aid from the jail's medication cart, but was mistakenly given the wrong medicine twice. The medication he received, which was later discovered to be meant for a different inmate, caused disorientation, drowsiness, blurred vision, extended sleeping, muscle spasms, vomiting, and lightheadedness. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court

concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Construing the Complaint liberally as seeking to set forth a claim under the Eighth Amendment, Plaintiff does not state a valid claim for relief. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has not set forth allegations reasonably suggesting Defendants might have acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's allegations do not describe conduct indicating a degree of culpability greater than negligence.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.[1]

    IT IS SO ORDERED.

                        *Donald C. Nugent* 3/13/13
                        DONALD C. NUGENT
                        UNITED STATES DISTRICT JUDGE

---

[1]    28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.